IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ngena Foundation,<br>  601 Massachusetts Avenue, N.W.<br>  Washington, D.C. 20001<br><br>          Plaintiff,<br><br>     v.<br><br>F&R Crous Foundation,<br>  Unit 1 – Highcliff Office Park<br>  Christian de Wet Road and Wilhelmina Drive<br>  Allensnek, Roodepoort<br>  South Africa<br><br>          Defendant. | Civil Action No.: 20-793<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Ngena Foundation ("Plaintiff" or "Ngena"), by and through its attorneys, for its Complaint against F&R Crous Foundation ("Defendant" or "Crous"), alleges as follows:

## Nature of the Action

1.     This action arises from a breach of contract by which Crous guaranteed monies owed to Ngena.  Ngena seeks to recover the amount guaranteed by Crous as well as attorneys' fees and costs; pre- and post-judgment interest on all those amounts; and whatever further appropriate relief the Court may find proper.

## Jurisdiction and Venue

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). The amount in controversy exceeds $75,000 and, as set forth below, the plaintiff, Ngena, is a

District of Columbia nonprofit corporation, and the defendant, Crous, is a South African Non Profit Company with its principal office located in South Africa.

3. This Court has personal jurisdiction under D.C. Code § 13-423 because Crous entered into several agreements with Ngena, a District of Columbia nonprofit corporation. Also in the contract at issue, the Mutual Cooperation and Release Agreement between Ngena, Crous and others, Crous agreed to the following:

> In the event of any legal action stemming from or related to this Agreement, the Parties agree to the sole and exclusive jurisdiction of the district courts located in Washington, D.C. Each of the Parties consent to service and jurisdiction in Washington, D.C., and waive any other venue to which such Party might be entitled by virtue of domicile, habitual residence, or otherwise. This Agreement will be deemed to have been made, executed, and delivered in Washington, D.C.

Mutual Cooperation and Release Agreement (the "MCR Agreement") at ¶ 11. A true and correct copy of the MCR Agreement is attached as Exhibit A.

4. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims asserted herein occurred in the District of Columbia. Moreover, the defendant, Crous, conceded in the contract at issue that venue is proper in this Court. *See* MCR Agreement (Ex. A) at ¶ 11.

## The Parties

5. Ngena is a District of Columbia nonprofit corporation, tax-exempt under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, with its principal office located in the District of Columbia.

6. Upon information and belief, Crous is a South African Foundation registered in South Africa as a Non Profit Company under registration number 1994/01752408, with its principal office and registered address located at Unit 1 – Highcliff Office Park, Christian de Wet

Road and Wilhelmina Drive, Allensnek, Roodepoort, in South Africa, and a mailing address of P. O. Box 7677, Westgate 1734, South Africa.  Upon information and belief, Crous is chaired by Dawie Crous and directed by Timo Crous, who were, at all times relevant to this action, residents of South Africa.

## Factual Allegations

7.  Ngena is a non-profit organization that facilitates access to HIV testing and appropriate treatment for lower income homeowners; and access to life-changing financial services, including to creditworthy borrowers to buy their own homes, micro enterprise finance to allow small businesses to develop and grow, the development and provision of affordable housing stock through construction finance, and bringing banking opportunities to low and middle income people in under resourced communities.

8.  On November 20, 2014, Ngena executed a Loan Agreement with Ocean Security International ("OSI"), a non-profit organization located in the District of Columbia (the "Loan Agreement").  A true and correct copy of the Loan Agreement is attached as Exhibit B.  The Loan Agreement provided that Ngena would loan OSI five hundred thousand U.S. dollars ($500,000.00) (the "Loan Amount), in consideration for OSI's agreement to repay the loan, with the interest indicated in the Loan Agreement of nine percent (9%), within twelve (12) months of the date of transfer of the loan proceeds to OSI (the "Transfer Date") or on or before November 20, 2015 (the "Repayment Date").

9.  The Loan Agreement further included a Memorandum of Undertaking dated November 18, 2014 (the "Memorandum of Understanding"), providing a guarantee by Crous to ensure repayment to Ngena of the loan:  "The F&R Crous Foundation guarantees that if in such a case that [OSI], for whatever reason, cannot fulfill its obligations with regards to the repayment

of the loan, as stipulated in the loan agreement within five (5) years of the signature date or a mutually agreed to repayment date, the F&R Crous Foundation will repay the outstanding capital and interest balance owed by [OSI] to the Ngena Foundation."  A true and correct copy of the Memorandum of Undertaking is attached as Exhibit C.

10. On November 20, 2014, Ngena transferred the loan proceeds to OSI.

11. By the Repayment Date of November 20, 2015, OSI had not repaid any portion of the loan to Ngena.

12. On July 20, 2016, Ngena, Crous, OSI and NACEC, a South African Company, executed the MCR Agreement (Ex. A).  Pursuant to the MCR Agreement, Crous again provided a guarantee:  "Guarantor [Crous] shall be liable for the remaining portion of the Loan Amount not satisfied by Borrower [OSI]."  MCR Agreement (Ex. A) at ¶ 2.

13. Since July 20, 2016, OSI has repaid one thousand nine hundred four dollars ($1,904.00) of the Loan Amount to Ngena.  The portion of the Loan Amount that remains outstanding is four hundred ninety-eight thousand ninety-six dollars ($498,096.00), plus interest (the "Outstanding Loan Amount").

14. On June 18, 2019, Ngena and Crous entered into a Tolling and Standstill Agreement (the "Tolling Agreement"), by which (i) Crous conceded, pursuant to the guarantee in the MCR Agreement, it is liable to Ngena for the Outstanding Loan Amount and had not yet paid it; and (ii) Crous and Ngena agreed to toll all statutes of limitations, statutes of repose, or any other time-related defense that might exist under the laws of any applicable jurisdiction.  A true and correct copy of the Tolling Agreement is attached as Exhibit D.

15. In a letter dated June 28, 2019 (the "Tolling Agreement Amendment"), Ngena and Crous agreed that Ngena would provide an additional 30 days' written notice to Crous prior to

terminating the Tolling Agreement and commencing any legal proceedings. A true and correct copy of the Tolling Agreement Amendment is attached as Exhibit E.

16. Since the Tolling Agreement and Tolling Agreement Amendment were executed, Ngena made repeated requests to Crous to pay the Outstanding Loan Amount, but Crous has refused to pay.

17. On November 22, 2019, Ngena provided Crous with the required notice, under the Tolling Agreement and Tolling Agreement Amendment, of its intent terminate the Tolling Agreement and initiate legal proceedings against Crous (the "Notice"), with the hope that such Notice would cause Crous to pay the Outstanding Loan Amount. A true and correct copy of the Notice is attached as Exhibit F. Crous has still not yet paid the Outstanding Loan Amount.

## COUNT I
### BREACH OF CONTRACT

18. Ngena re-alleges and incorporates by reference each and every allegation in paragraphs 1-17.

19. Pursuant the MCR Agreement (Ex. A), Crous entered into a binding contract with Ngena in which it guaranteed any portion of the Loan Amount not repaid by OSI.

20. Crous breached this contract by failing to perform on its guarantee and pay the Outstanding Loan Amount. Thus Ngena remains unpaid for the Outstanding Loan Amount, requires compensation for such Outstanding Loan Amount, and was forced to file this legal action.

21. As a result of Crous's breach of contract, Ngena is entitled to payment of the Outstanding Loan Amount, pre- and post-judgment interest, other compensation that Ngena would have received but for Crous's breach of contract, and other such relief the Court deems reasonable.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests this Court to grant it the relief requested, as to each count as specified above, as follows:

(a) Entering a judgment for Ngena and against Crous on the breach of contract count;

(b) Awarding Ngena compensation for Crous's breach of contract, including the outstanding Loan Amount of four hundred ninety-eight thousand ninety-six dollars ($498,096.00);

(c) Awarding Ngena pre- and post-judgment interest on such amounts;

(d) Awarding Ngena reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

(e) Such other and further relief that the Court deems proper and just.

## Jury Demand

Plaintiff respectfully demands a trial by jury on all issues so triable.

Dated March 23, 2020

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/Sara Murphy D'Amico*
James P. Joseph (Bar No. 421231)
Rebecca L. D. Gordon (Bar No. 468809)
Sara Murphy D'Amico (Bar No. 1531509)
601 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Emails: james.joseph@arnoldporter.com
rebecca.gordon@arnoldporter.com
sara.d'amico@arnoldporter.com

*Attorneys for Plaintiff Ngena Foundation*